UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**JAMES BENNETT, JR.**                                         **CIVIL ACTION**

**VERSUS**                                                     **NO. 21-662-SDD-RLB**

**KOCH METHANOL ST. JAMES, LLC**

**ORDER**

Before the Court is James Bennett, Jr.'s ("Plaintiff") Motion to Compel. (R. Doc. 27). The motion is opposed. (R. Doc. 32).

**I.      Background**

On July 12, 2022, Plaintiff propounded Interrogatories and Requests for Production of Documents upon Koch Methanol St. James, LLC ("Defendant"). (R. Doc. 27-3).

On August 26, 2022, Defendant provided responses to Plaintiff's discovery requests. (R. Doc. 27-4).

On October 28, 2022, Plaintiff's counsel sent a letter to Defendant's counsel requesting that Defendant "fully respond to each interrogatory and request for production," as its "responses consist largely, if not entirely, of objections." (R. Doc. 27-5 at 2). Plaintiff's counsel also indicated that the parties were "scheduled for a Rule 37 conference on November 2, 2022."[1] (R. Doc. 27-5 at 2).

On December 21, 2022, Plaintiff's counsel sent an email to Defendant detailing the alleged deficiencies in Defendant's responses. (R. Doc. 27-6).

---

[1] Defendant's counsel denies that the parties were scheduled to participate in a conference on November 2, 2022. (R. Doc. 32-2) (stating that Defendant and its counsel "have no notice of [the alleged conference] and have scheduling conflicts). Plaintiff's counsel does not certify in her Rule 37(a)(1) certificate that a conference was scheduled or conducted on this date. (R. Doc. 32 at 3).

On January 3, 2023, Defendant's counsel advised that they were "attending to the items [Plaintiff] raised in [the] deficiency letter," and that they "expect[ed] to get responses to [Plaintiff] soon." (R. Doc. 27-7 at 5). Defendant's counsel also requested that Plaintiff's counsel provide proposed dates for Plaintiff's deposition. (R. Doc. 27-7 at 5).

On January 4, 2023, Plaintiff's counsel responded that they would need "supplemental responses well in advance of any depositions" and that they "look[ed] forward to [Defendant's] supplemental [responses] ASAP before a Motion to Compel is required." (R. Doc. 27-7 at 5).

On January 5, 2023, via email correspondence, the parties reiterated their need for supplemental responses to their respective discovery requests and their intentions of filing motions to compel. (*See* R. Doc. 27-7 at 1-3).

On January 13, 2023, Defendant submitted supplemental responses to Plaintiff's discovery requests. (R. Doc. 27-8).

On January 24, 2023, Plaintiff filed the instant Motion to Compel arguing that, even after supplementation, Defendant refuses to provide full answers to his discovery requests. (R. Doc. 27).

In response to Plaintiff's Motion to Compel, Defendant argues that Plaintiff's discovery requests are "extraordinarily broad, repetitive, and poorly defined." (R. Doc. 32 at 2). Nevertheless, it "has produced a substantial amount of materials subject to and without waiving its objections." (R. Doc. 32 at 2). Particularly, Defendant asserts that it supplemented its discovery responses on January 13, 2023, January 24, 2023, January 27, 2023, February 6, 2023, and February 14, 2023. (R. Doc. 32 at 2, 7, 9, 11). This supplementation includes "hundreds of pages of documents." (R. Doc. 32 at 2). Accordingly, the Motion to Compel "should be denied

2

because Defendant has provided responsive information and documents to the discovery requests at issue." (R. Doc. 32 at 2).

Defendant further argues that Plaintiff has not met the requirements of 37(a)(1) of the Federal Rules of Civil Procedure by failing to hold a meet and confer to discuss Defendant's alleged discovery deficiencies. (R. Doc. 32 at 2). According to Defendant's counsel, he "repeatedly asked Plaintiff's counsel for a teleconference to address Plaintiff's request for" supplementation. (R. Doc. 32 at 3) (emphasis omitted). Plaintiff's counsel, however, has not made herself available for a conference to discuss the deficiencies. (R. Doc. 32 at 3).

**II.    Law and Analysis**

    **A.    Plaintiff's Non-Compliance with Rule 37(a)(1)**

Rule 37(a)(1) provides that any motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Failure to comply with the meet and confer requirement may constitute sufficient reason to deny a motion to compel. *Shaw Grp. Inc. v. Zurich Am. Ins. Co.,* No. 12-257, 2014 WL 4373197, at *3 (M.D. La. Sept. 3, 2014); *see also Forever Green Athletic Fields, Inc. v. Babcock Law Firm, LLC,* No. 11-633 (denying motion to compel where defense counsel made a single attempt by email to meet and confer and did not do so in a good faith effort to resolve the dispute without court intervention).

In addition, the Court has issued specific requirements to ensure that the parties in this action actually attempt to resolve, in good faith, the issues raised in a discovery motion prior to the filing of such a motion. The Court's Scheduling Order provides that "[a]ny motions filed regarding discovery must be accompanied by a certificate of counsel for the moving party,

stating that counsel have conferred in person or by telephone for purposes of amicably resolving the issues and stating why they are unable to agree or stating that opposing counsel has refused to so confer after reasonable notice." (R. Doc. 14 at 1). Plaintiff's counsel makes no such representation.

In support of the Motion to Compel, Plaintiff's counsel submits a Rule 37(a)(1) certificate in which she represents that she "undertook…good faith efforts to confer with [D]efendant…in an effort to obtain full and complete discovery answers without court intervention." (R. Doc. 27-11 at 1). In relevant part, the document certifies that Plaintiff's counsel (1) emailed Defendant's counsel a letter on October 28, 2022, stating that Defendant's responses were deficient and requesting supplementation; (2) requested supplemental responses from Defendant's counsel during a telephone call on December 19, 2022; (3) emailed a letter to defense counsel on December 21, 2022, specifically identifying each of the responses that were deficient; and (5) requested Defendant's supplemental responses on January 4 and 5, 2023. (R. Doc. 27-11).

The foregoing does not satisfy the requirements of Rule 37(a)(1). This district has held that it is not enough for counsel's certificate to simply claim that she has attempted to resolve discovery issues. *See Guillory v. Carrington Mortgage Services, LLC,* No. 22-192-JWD-SDJ, 2022 WL 17574072, at *1 (M.D. Dec. 9, 2022) (citing *Goins v. Illinois Nat'l Ins. Co.,* No. 18-cv-302-SDD-RLB, 2018 WL 3186960, at *2 (M.D. La. June 28, 2018) (denying motion to compel for failure to confer where counsel's certificate simply claimed "that 'she has attempted to resolve the issue of delinquent response to the First Set of Interrogatories and Request for Production of Documents by contacting plaintiff's counsel via e-mail correspondence and phone numerous times between May 1, 2018 and May 31, 2018'…")). *See also Compass Bank v.*

*Shamgochian,* 287 F.R.D. 397, 399 (S.D. Tex. 2012) ("Not only must the movant exhibit good faith, but the party need actually attempt a meeting or conference.").

First, the alleged telephone conversation on December 19, 2022, does not suffice. Plaintiff's counsel does not indicate whether she explained the inadequacies of Defendant's specific responses during this call in order to avoid filing a motion to compel. She merely states that she requested that Defendant "supplement its deficient discovery responses." (R. Doc. 27-11 at 1). Moreover, Defendant disputes that a call even took place on December 19, 2022. (R. Doc. 32 at 4). According to Defendant, the parties engaged in a telephone call on the morning of December 20, 2022. (R. Doc. 32 at 4 n.4). During this call, the parties did not meet and confer regarding Defendant's discovery responses. (R. Doc. 32 at 4 n.4). Instead, the parties agreed to participate in a Rule 37 conference at 3:30 pm on the same day to discuss the deficiencies of both parties' responses. (R. Doc. 32 at 4, n.4). Plaintiff's counsel, however, did not answer when defense counsel initiated the teleconference. (R. Doc. 32 at 5 n.5; R. Doc. 32-7 at 1-2).

Next, Plaintiff's December 21, 2022, deficiency letter, though detailed, does not satisfy Rule 37(a)(1). *Velaquez-Perez v. Developers Diversified Realty Corp.,* 272 F.R.D. 310, 312 (D.P.R. 2011) (determining the emails and letters sent to defendant did not reveal that good faith effort was made); *Robinson v. Napolitano,* 2009 WL 1586959, at *3 (D.S.D. June 4, 2009) (finding that the government's letter to the plaintiff, outlining why his discovery response were deficient, did not satisfy the meet-and-confer requirement). Written demands to supplement are not enough. The parties are expected to try to resolve the issues, not simply point them out. Rule 37(a)(1) requires the parties to engage with each other.

The record shows only two purported attempts at an actual meeting to discuss the discovery deficiencies. First, Plaintiff's counsel's October 28, 2022, letter mentions a November

5

2, 2022, meeting, which was seemingly unilaterally set by Plaintiff's counsel and never presented to defense counsel. (*See* R. Doc. 27-5). This meeting never occurred. Second, the parties mutually scheduled a teleconference for December 20, 2022. (R. Doc.32 at 4 n.4). Plaintiff's counsel could not participate in the call because of "an office emergency." (R. Doc. 32-7 at 1). There is no indication that Plaintiff's counsel attempted to reschedule the conference.

Nevertheless, on January 13, 2023, Defendant submitted supplemental responses after receiving Plaintiff's December 21, 2022, deficiency letter. (R. Doc. 32-11). Plaintiff's counsel does not certify whether she informed Defendant of the deficiencies of their supplemental responses—let alone, scheduled a conference to discuss same. Simply put, there is no indication that Plaintiff attempted to amicably resolve any remaining issues with Defendant's supplemental responses. This alone is sufficient grounds for denial of the Motion to Compel. *Dimitric v. Tex. A & M. Univ.,* No. 06-107, 2007 WL 1090982, at *1 (S.D. Tex. April 9, 2007) ("Prior to filing this Motion, Dimitric did not confer, except through an [e-mail], with defense counsel…For this reason, alone, his Motion should be denied.").

Defendant also asserts that it supplemented its discovery responses on January 24, 2023, January 27, 2023, February 6, 2023, and February 14, 2023. (R. Doc. 32 at 2, 7, 9, 11). This supplementation includes "hundreds of pages of documents." (R. Doc. 32 at 2). In addition, since the filing of the motion to compel, the parties have engaged in settlement negotiations (R. Doc. 39), and requested additional extensions to complete other discovery (R. Docs. 30 and 38). A motion for summary judgment has been filed (R. Doc. 44) and there is nothing in the record to indicate that additional discovery responses are an impediment to resolution. (see R. Doc. 45). It appears, therefore, that in addition to failure to comply with the requirements of Rule 37, the motion may be moot.

**III.     Conclusion**

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's Motion to Compel (R. Doc. 27) is **DENIED.**

Signed in Baton Rouge, Louisiana, on May 23, 2023.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**